# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT W. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-02573-PLC |
| | ) |
| NATIONAL CREDIT MANAGEMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Robert W. Johnson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.SC. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who brings this civil action pursuant to the Fair Debt Collection Practices Act. (Docket No. 1 at 4). He names National Credit Management and F. Nash as defendants. (Docket No. 1 at 2-3).

Plaintiff claims that he "has been receiving threatening letters and phone calls from Defendants concerning an alleged student debt." (Docket No. 1 at 8). He asserts that defendants

have repeatedly harassed him via letter and telephone, despite him telling defendants to stop. Plaintiff states that defendants are committing fraud by not providing valid proof of jurisdiction and "reasons for alleged debts owed." He alleges that defendants "are only assuming [he] owes debts," and "have threatened to garnish any payments validated from [his] checks or accounts." Plaintiff contends that defendants have violated his due process rights and are "abusing public integrity."

Plaintiff seeks $100.1 billion in punitive damages, and $100 million for future damages. (Docket No. 1 at 7). He also demands 100% ownership of defendants' "Assets & Corporations."

## Discussion

Plaintiff brings this action against defendants National Credit Management and F. Nash, alleging violation of the FDCPA. Having reviewed the complaint, the Court has determined that it is subject to dismissal. However, as plaintiff is proceeding pro se, he will be allowed to file an amended complaint.

### A. Deficiencies in Complaint

As noted above, in order to state a claim, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. Plaintiff has failed to comply with this requirement.

Plaintiff's claim is based on a purported violation of the FDCPA. The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). To effect this purpose, the FDCPA authorizes private lawsuits and fines in order to prevent debt collectors from engaging in prohibited practices. *Coyne v. Midland Funding, LLC*, 895 F.3d 1035,

1037 (8th Cir. 2018) (stating that "[t]he FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices").

In passing the FDCPA, "Congress sought to prevent abusive practices including threats of violence; the publishing of shame lists; harassing or anonymous telephone calls; impersonating a government official or attorney; obtaining information under false pretenses; and collecting more than is legally owing." *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913 (8th Cir. 2014). To that end, the FDCPA prohibits a number of different debt collection practices. *See Nelson v. Midland Credit Mgmt., Inc.*, 828 F.3d 749, 751 (8th Cir. 2016). For instance, a debt collector is not allowed to "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The FDCPA also generally prohibits debt collectors from using any false, deceptive, or misleading representation or means in debt collection. *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 694 (8th Cir. 2017). *See also* 15 U.S.C. § 1692e. Furthermore, a debt collector is not allowed to use unfair or unconscionable means in order to collect or attempt to collect a debt. 15 U.S.C. § 1692f. *See also Klein v. Credico, Inc.*, 922 F.3d 393, 397 (8th Cir. 2019).

Here, plaintiff's "Statement of Claim" is vague, conclusory, and merely states the elements of a cause of action under the FDCPA. For example, he states that he has received "threatening letters and phone calls," but provides no factual allegations as to what made the letters and phone calls "threatening." A "formulaic recitation of the elements of a cause of action" is not sufficient to state a claim. *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Similarly, plaintiff's assertions that defendants committed fraud, breached consumer affairs rules, and deceived him, are unsupported conclusions, and not entitled to the presumption of truth. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that "[w]hile the court must accept allegations of

fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). To be sure, plaintiff has used phrases that are found in the FDCPA, but without any factual enhancement, he is asking the Court to speculate as to what actually occurred. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (stating that "factual allegations must be enough to raise a right to relief above the speculative level"). For these reasons, plaintiff has failed to state a claim.

**B. Order to Amend**

Because plaintiff is proceeding pro se, he will be allowed to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other.

*See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff is advised to avoid making legal arguments or citing cases. Instead, he is required to present factual allegations explaining what happened to him. In this case, those facts must include information about the debt at issue, as well as the specific actions defendants took that allegedly violated the FDCPA. That is, plaintiff must demonstrate how defendants' actions were "threatening" and "harassing." Plaintiff must also provide information as to when these incidents took place. *See* 15 U.S.C. § 1692k(d) (providing that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy…within one year from the date on which the violation occurs").

The Court also notes that plaintiff's "Statement of Claim" referred to the two defendants collectively. In his amended complaint, plaintiff is required to present factual allegations against each named defendant in this case, in order that each defendant can receive notice of what he, she, or it is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty days** in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** after the date of this order in which to file an amended complaint on the Court's civil rights complaint form in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that, if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FINALLY ORDERED** that, upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

*[signature: Patricia L. Cohen]*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of January, 2020