## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT W. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-02573-PLC |
| ) | |
| NATIONAL CREDIT ) | |
| MANAGEMENT, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On January 23, 2020, the Court directed plaintiff Robert W. Johnson to file an amended complaint within thirty days. (Docket No. 4). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### **Background**

Plaintiff is a pro se litigant. He filed this civil action pursuant to the Fair Debt Collection Practices Act (FDCPA) on September 16, 2019. (Docket No. 1). He named National Credit Management and F. Nash as defendants. (Docket No. 1 at 2-3).

In his complaint, plaintiff claimed that he "has been receiving threatening letters and phone calls from Defendants concerning an alleged student debt." (Docket No. 1 at 8). He asserted that defendants have repeatedly harassed him via letter and telephone, despite him telling defendants to stop. Plaintiff stated that defendants are committing fraud by not providing valid proof of jurisdiction and "reasons for alleged debts owed." He also stated that defendants "are only assuming [he] owes debts," and "have threatened to garnish any payments validated from [his]

checks or accounts." Plaintiff contended that defendants have violated his due process rights and are "abusing public integrity."

Plaintiff sought $100.1 billion in punitive damages, and $100 million for future damages. (Docket No. 1 at 7). He also demanded 100% ownership of defendants' "Assets & Corporations."

On January 23, 2020, the Court ordered plaintiff to file an amended complaint within thirty days. (Docket No. 4). In the order, the Court noted that there were deficiencies in the complaint that made it subject to dismissal pursuant to 28 U.S.C. § 1915. Specifically, the Court explained that plaintiff had failed to state a claim because his allegations were vague, conclusory, and merely recited the elements of a cause of action under the FDCPA. The Court directed plaintiff to file an amended complaint, and included instructions on how to do so. The Court also directed the Clerk of Court to send plaintiff a copy of the Court's civil rights complaint form in order to aid his compliance. Plaintiff was given thirty days to file an amended complaint.

**Discussion**

As discussed above, on January 23, 2020, the Court ordered plaintiff to file an amended complaint within thirty days. At that time, the Court advised him that failure to comply would result in the dismissal of his case without prejudice and without further notice. More than thirty days have elapsed, and plaintiff has not submitted an amended complaint. Furthermore, he has not filed a motion with the Court requesting an extension of time in which to comply.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of January 23, 2020, or filed

any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of January 23, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2ND day of March, 2020.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE